UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| FORREST PAUL SCHREEFEL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:05-cv-02 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| ALLEN L. BYAM, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER DENYING MOTION TO SUBSTITUTE PARTY

This is a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2241 by a person in the custody of the Office of Detention and Removal, Immigration and Customs Enforcement, Department of Homeland Security. At the time this action was filed, petitioner was lodged at the Calhoun County Correctional Center, a facility under contract by the Department of Homeland Security to hold detainees who are subject to deportation proceedings. The habeas corpus petition named Allen L. Byam, the Sheriff of Calhoun County, as a respondent. Presently pending before the court is petitioner's motion to substitute Jeff Moran, the Sheriff of Chippewa County, in place of the Calhoun County Sheriff. (docket # 11). The motion to substitute parties arises from petitioner's transfer to the Chippewa County Correctional Center, which is also a facility that holds detainees pursuant to contract with the Department of Homeland Security.

The motion to substitute parties is unnecessary, and it will be denied. Under Rule 23(a) of the Federal Rules of Appellate Procedure, the person having custody of the prisoner is

prohibited from transferring custody to another person, except as allowed by the court. The purpose of this rule is to preserve the district court's power over the physical custody of the prisoner by prohibiting the custodian from transferring custody of the prisoner to a place outside the court's jurisdiction. *See Jago v. United States Dist. Ct. N. Dist. of Ohio*, 570 F.2d 618, 626 (6th Cir. 1978). Consequently, transfers of a prisoner between jail facilities within the court's jurisdiction are immaterial, as they do not affect the court's jurisdiction. The only necessary parties to this habeas corpus proceeding are the federal executive officers with custody of petitioner. The county sheriffs who hold the petitioner under contract with the federal agencies do not have legal custody of the prisoner for purposes of habeas corpus, as they only act as ministerial agents for the federal officers. As a result, neither the Calhoun County Sheriff nor the Chippewa County Sheriff is a necessary party to this action. Substitution of parties every time petitioner is moved from one county jail to another would be a wasteful and unnecessary exercise. Accordingly:

IT IS ORDERED that petitioner's motion to substitute parties (docket # 11) be and hereby is DENIED.

IT IS FURTHER ORDERED that petitioner's counsel is granted until **April 28, 2005**, in which to file a reply to respondent's answer, at which time the matter will be considered ready for decision. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT, Rules 1(b), 5(e).

DONE AND ORDERED this 18th day of April, 2005.

/s/  Joseph G. Scoville
United States Magistrate Judge